IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOGAN (TDCJ No. 659838), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-766-D-BN |
| TITO ORIG AND ANANDA BABBILLI, | § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. After consideration of Plaintiff Christopher Hogan's complaint and his verified responses to the Court's questionnaire, *see* Dkt. Nos. 3 & 17, and the *Martinez* Report submitted by the Texas Attorney General's Office, *see* Dkt. No. 34, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss Hogan's complaint with prejudice.

**Background**

<u>Hogan's Allegations</u>

As detailed in his complaint dated March 3, 2015 [Dkt. No. 3], Hogan, a Texas inmate, originally filed this action against a physician and another medical provider at the Texas Department of Criminal Justice's (the "TDCJ") Hutchins Unit, concerning

-1-

specific prescription pain medications that he requested and received (or failed to receive) while incarcerated at the Hutchins Unit.

Hogan, who alleges that he suffers from Hepatitis C and Splenic Lymphoma, was returned to TDCJ custody in March 2014, after violating his parole. *See* Dkt. No. 3 at 8. While incarcerated at the Gurney Unit, Hogan was referred to an oncologist in Galveston, who recommended that he be prescribed Tylenol #3 for his chronic pain. *See id.* Hogan was then reassigned to the Hutchins Unit in early September 2014, at which time he was informed that his Tylenol #3 "had been placed on hold and he was denied this pain medication." *Id.* at 9.

Hogan submitted two "sick-calls" requesting medication for his pain, on September 10 and September 15, and, "around September 17, 2014," Defendant Dr. Tito Orig explained to Hogan that "he did not know why his Tylenol #3 pain medication was on hold" but that he would substitute the Tylenol #3 with 500mg Naproxen, which Hogan then explained to Dr. Orig was "ineffective for his pain." *Id.*

Hogan alleges that, around September 24, Dr. Orig ordered Tylenol #3 for him and further alleges that he received Tylenol #3 from October 10 to October 24. *See id.* at 10. Hogan then alleges that, around November 24, he was again in excruciating pain and that, on that day, he was seen by an unknown nurse who took him to see Defendant Ananda Babbilli, a physician's assistant, to seek approval for Tylenol #3. Defendant Babbilli "told Hogan, 'you can forget about receiving your Tylenol #3 because this facility does not carry that medication. Take the Naproxen as prescribed.'"

*Id.*

On December 3, Hogan's oncologist in Galveston recommended that he receive Tylenol #3. *See id.* at 11. On December 6, Dr. Orig ordered a 14-day supply for Hogan, which expired on December 23. *See id.* On December 26, Hogan submitted another "sick call" to report that he was in extreme pain, and he was seen by a nurse on December 28, but no pain medication was given to him. *See id.*

Hogan submitted his next "sick call" regarding pain on January 4, 2015, and, on January 5, he was seen by Dr. Orig, who prescribed Hogan Naproxen. *See id.* On January 14, Hogan was seen via video conference by a hepatologist in Galveston who told Hogan that he should not use Naproxen as a pain reliever because Naproxen could cause liver deterioration and cirrhosis. *See id.* at 12.

Hogan's responses to the Court's questionnaire [Dkt. No. 17] are consistent with the detailed allegations of his complaint. And, through the questionnaire responses, Hogan has clarified that, during "all periods of [his] incarceration, [he has] been administered some form of pain medication." *Id.* at 12-13. He also has clarified that, after the hepatologist in Galveston informed him that he should not receive Naproxen, Dr. Orig prescribed Maloxicot for his pain, which Hogan states "also proved ineffective." *Id.* at 16-18.

Procedural Background and the *Martinez* Report

Hogan states that he filed a grievance concerning the denial of his Tylenol #3 on September 21, 2014 and that he received a response denying his grievance on

October 30, 2014, which he claims informed him that "clinical decisions are not under the authority of the complaints process or the grievance mechanism" and made him believe that "further [administrative] appeals would be futile." Dkt. No. 3 at 13; *cf. Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) ("Under [42 U.S.C.] § 1997e(a), a prisoner must exhaust such administrative remedies as are 'available,' whatever they may be.").

After filing this action, Hogan submitted, at the time that he filed his questionnaire responses, a "Motion for Leave to File an Amended Complaint," through which he did not seek to amend the claims asserted in his complaint but sought to add an unrelated claim against a new defendant based on an event that occurred on March 13, 2015, after Hogan filed his original complaint. *See* Dkt. No. 15. The Court denied that motion on March 15, 2016. *See* Dkt. No. 31.

On October 14, 2015, the undersigned issued findings of fact, conclusions of law, and a recommendation that the claims in Hogan's initial complaint as amended by his verified responses to the Court's questionnaire be summarily dismissed for failure to state a claim of deliberate indifference in violation of the Eighth Amendment (the "initial FCR"). *See* Dkt. No. 20. An objection was filed, *see* Dkt. No. 21, and, on January 28, 2016, the undersigned withdrew the initial FCR and ordered applicable officials with the TDCJ to

> undertake a review of the subject matter set out in Plaintiff's complaint to ascertain the facts and circumstances and to gather the jail and medical records relevant to Plaintiff's claim that TDCJ officials were deliberately indifferent to his medical needs in violation of the Eighth Amendment. After such review, TDCJ shall compile a written report,

-4-

>   including copies of pertinent rules, regulations, witness statements, and official medical and jail records. All witness statements shall be provided in affidavit form.

Dkt. No. 23 at 1-2. The Texas Attorney General's Office, as *amicus curiae*, filed the Court-ordered *Martinez* Report on May 31, 2016. *See* Dkt. No. 34.

A report submitted under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), like an evidentiary hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), is "a tool" to be "used to further develop the factual basis" of an *in forma pauperis* or prisoner complaint, to determine whether *sua sponte* dismissal is appropriate. *Wiley v. Thompson*, 234 F. App'x 180, 182 (5th Cir. 2007) (per curiam) (recognizing that the United States Court of Appeals for the Fifth Circuit has "adopted the *Martinez* report as a tool" and citing *Cay v. Estelle*, 789 F.2d 318, 323 n.4, 324 (5th Cir. 1986) ("Regardless of the means used to develop the factual basis of a claim, dismissal under [either 28 U.S.C. § 1915(d) or § 1915A] is appropriate whenever it becomes clear that an IFP [or prisoner] complaint is without merit."), *overruled on other grounds by Denton v. Hernandez*, 504 U.S. 25 (1992)).

In line with Hogan's complaint and questionnaire responses, the substance of the *Martinez* Report confirms that Defendants consistently provided Hogan care and treatment for pain. *See, e.g.*, Dkt. No. 34 at 10-21; *see also id.* at 16-21 (summarizing Orig's and Babbilli's treatment of Hogan in 2014 and 2015).

**Legal Standards**

A district court is required to screen a civil action brought by a prisoner –

whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, *see* Dkt. No. 10 (order granting Hogan leave to proceed *in forma pauperis*), a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. \_\_\_\_,

135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Plaintiff's responses to the Court's questionnaire [Dkt. No. 17], which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court must generally afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v.*

*Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

### Analysis

To establish a violation of the Eighth Amendment's deliberate indifference standard, a plaintiff must show that officials acted with deliberate indifference so as to cause the "unnecessary and wanton infliction of pain" or that officials' actions were "repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 104, 105-06 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994). This, in turn, requires proof that a state actor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648 (5th Cir. 1996) (citing *Farmer*, 511 U.S. at 847).

A delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see, e.g., Zaunbrecher v. Gaudin*, 641 F. App'x 340, 346 (5th Cir. 2016) (per curiam) ("a misdiagnosis," even one that "might have been wrong, particularly now that [a court


has] insight as to the potential cause of ... death," "does not show deliberate indifference, and such hindsight would only distort [the] deliberate indifference analysis" (citations omitted)).

Rather, a plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Estelle*, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.... Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (internal quotation marks omitted)).

The medical care that Hogan describes in detail in the factual allegations of his complaint and in his verified responses to the Court's questionnaire, set forth above, does not support a plausible claim that his rights under the Eighth Amendment have been violated.

There were minimal delays between Hogan's complaints of pain and those complaints being addressed by TDCJ medical personnel. And, while Hogan may not have received at all times his preferred pain medication (Tylenol #3), he admits that "at all periods of my incarceration I have been administered some form of pain medication." Dkt. No. 17 at 13.

As the Fifth Circuit has held, an "allegation that the defendants failed to see that [a prisoner plaintiff] got his prescriptions without any lapses, accepted as true,

fails to state a claim" of deliberate indifference. *McCoy v. Pace*, 493 F. App'x 494, 495 (5th Cir. 2012) (per curiam). Instead, "[t]he prisoner must 'submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted)); *see Iruegas v. Poe*, 374 F. App'x 513, 517 (5th Cir. 2010) (per curiam) ("Unsuccessful medical treatment does not give rise to a § 1983 cause of action.... Nor does [m]ere negligence, neglect or medical malpractice. Because Defendant's failure to ... prescribe Iruegas stronger pain medication did not unnecessar[ily] and wanton[ly] inflict[ ] ... pain repugnant to the conscience of mankind, we find that Iruegas has failed to state a cognizable claim on this ground." (internal quotation marks and citations omitted)); *see also Morris v. Corrs. Corp. of Am.*, 627 F. App'x 396, 396 (5th Cir. 2015) (per curiam) ("[D]isagreement with the type of pain medication used to treat his injured hand does not amount to a claim of deliberate indifference." (citation omitted)); *accord Sanford v. Tarrant Cnty. Sheriff's Dep't*, 628 F. App'x 301, 302 (5th Cir. 2016) (per curiam); *Watts v. Waggner*, 623 F. App'x 245, 246 (5th Cir. 2015) (per curiam); *cf. Gaines v. United States*, 498 F. App'x 415, 416 (5th Cir. 2012) (per curiam) ("We have held that a prison employee's refusal to provide prescribed medication when an inmate with known heart problems complained of chest pain rose to the level of deliberate indifference. Therefore, [similar] allegations are not based on an indisputably meritless

legal theory or on clearly baseless facts." (citing *Easter v. Powell*, 467 F.3d 459, 463-65 & n.25 (5th Cir. 2006); other citation and internal quotation marks omitted).

Hogan alleges that Naproxen "may [have] exacerbated [his] condition" and that he "may have suffered unnecessary deterioration of his already unhealthy liver" and mental anguish because of being prescribed Naproxen. Dkt. No. 17 at 18. But he also alleges that, when a hepatologist recommended that Naproxen be discontinued, Dr. Orig switched him to Maloxicot, *see also id.* (alleging that Naproxen "may be the reason for some of [Hogan]'s worsening symptoms").

Accepting these allegations as true, Hogan again has not alleged that, by prescribing Naproxen, defendants "intentionally treated him incorrectly[] or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238; *cf. Blank v. Tabera*, 494 F. App'x 473, 474 (5th Cir. 2012) (per curiam) (reversing summary dismissal of complaint alleging deliberate indifference – where the district court did not allow a plaintiff leave to amend or conduct a *Spears* hearing – in which plaintiff's allegations included that prison officials "intentionally prescribed the wrong medication (Naproxen) and failed to prescribe any medication or provide proper treatment for his Crohn's disease").

Further, insofar as Hogan has not alleged an actual, known physical injury, 42 U.S.C. § 1997e(e) would "preclude[] his claim for compensatory damages" and, since he has not "allege[d] any facts that would render the likelihood of a future injury any more than a remote and speculative possibility, he [has] failed to state a valid Eighth Amendment claim for injunctive relief." *Taylor v. Milton*, 124 F. App'x 248, 249 (5th

Cir. 2005) (per curiam); *see also Reed v. Dallas Cnty. Sheriff's Dep't*, No. 3:03-cv-2166-R, 2004 WL 2187104, at *5 & n.5 (N.D. Tex. Sept. 28, 2004) ("Plaintiff has alleged no physical injury with respect to the alleged deprivation of milk, juice, or Tylenol products. He merely asserts that he has suffered 'pain in [his] wrist, ankle, knee and hip joints.' Other than sheer speculation, plaintiff has not linked such pain to the alleged deprivations of milk, juice, or Tylenol. In addition, plaintiff has made no allegation that he was deprived of other pain medication when medically necessary. There is no constitutional right to a specific form of pain medication. Furthermore, if an inmate insists on a particular form of medication when offered a different form, he merely has a disagreement with medical treatment which is not actionable under 42 U.S.C. § 1983." (citation omitted)), *rec. adopted*, 2004 WL 2495085 (N.D. Tex. Nov. 4, 2004).

Hogan therefore has failed to state a plausible claim of Eighth Amendment deliberate indifference against Defendants Orig and Babbilli, and the Court should summarily dismiss his claims against these defendants with prejudice.

### Recommendation

The Court should summarily dismiss Plaintiff Christopher Hogan's complaint [Dkt. No. 3; *see also* Dkt. No. 17] with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE